BARBARA KONOLD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9670.   Promulgated January 12, 1928.

*William J. Kennedy, Esq.*, and *A. C. Frodel*, for the petitioner.
*Thomas Martinez Wilkins, Esq.*, for the respondent.

## OPINION.

GREEN: The petitioner alleges that the respondent erred in computing the gain derived from the sale of certain real estate. The respondent, in determining the gain from these real estate transactions, used the assessed value of this real estate as representing 75 per cent of its fair market value on March 1, 1913. The petitioner has shown that the property at Ferry and Chapel Streets was worth $13,000 on March 1, 1913, and that the other two parcels had as great a value on this date as at the dates of their respective sales. Since the petitioner has offered no evidence as to how the value of the real estate should be allocated as between land and buildings nor as to the rate of depreciation applicable to the buildings, we believe that such allocation should be made on the same proportions as were used by the respondent in his deficiency letter, and that the value thus allocated to buildings should be depreciated at the same rate as used by the respondent. Since the petitioner has failed to prove cost, the gain must be computed by subtracting from the sale price the March 1, 1913, value reduced by the allowable depreciation.

As to the alleged errors in including the amounts of $2,092.05, representing interest, and $17,024.23, representing the liquidating dividend received on distribution, in the petitioner's gross income for the year 1922, the responsibility rested upon the petitioner to show what her correct income was for that period. Not a shred of evidence was offered by the petitioner to show that her income from these sources was something other than that determined by the respondent. On the record confronting us, we must hold that the petitioner has failed to prove the allegation of error that the respondent has overstated the net income for the taxable year 1922.

As to the third assignment of error, the petitioner has alleged as to the years 1921 and 1922, " Salaries and rents received from the H. Konold & Sons Co. should be allowed to be included in her personal income for said years." The respondent denied generally that an error had been committed. It was intimated at the hearing that the petitioner expected to have the matter of these salaries and rents adjudicated in the case of H. Konold & Sons Co., Docket No.

7665, then pending before this Board. This case was dismissed on May 4, 1926, on motion of the Commissioner for the reason that the petition for redetermination was not filed with the Board within 60 days from the mailing of the deficiency notice. No evidence was offered relative to these salaries and rents, and on the record as it stands we are compelled to accept the respondent's determination, except in the case of the above mentioned real estate, as correct.

*Judgment will be entered on 15 days' notice, under Rule 50.*